UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-89-FDW

| CHARLES M. CASSELL, III, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER |
| FNU DAWKINS; DAVID GUINN, P.A., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of the pro se civil rights complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983. For the reasons that follow, this action will be dismissed.

## I. BACKGROUND

Plaintiff is an inmate of the State of North Carolina who was convicted of robbery with a dangerous weapon (principal), and he has a projected release date of June 13, 2015. Plaintiff contends that defendants Dr. Dawkins and PA Gunn have deliberately destroyed his lung tissue in an effort to cause his premature death and cause him pain and suffering. Plaintiff also contends that his legal mail has been tampered with. Specifically, Plaintiff contends that documents he attempted to mail in his previous lawsuits were intercepted by unnamed prison officials and therefore his right to access the courts has been interfered with.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review, before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

1

entity." During this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b)(1) and (b)(2).

Upon review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

After conducting this initial review, the Court determined that Plaintiff has filed several Section 1983 complaints in this district, and in the Eastern District of North Carolina, and at least three of those complaints have been dismissed for failure to state a claim, or as being frivolous and two of the § 1983 complaints were dismissed under the Prisoner Litigation Reform Act (PLRA) which provides, in relevant part, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of Plaintiff's filings demonstrates that the following § 1983 complaints have been dismissed for failure to state a claim for relief or as frivolous under 28 U.S.C.

2

§ 1915A(b)(1). See, e.g., Charles M. Cassell, III v. Shields, et al., 5:02-ct-943-K (E.D.N.C. Apr. 18, 2003) (dismissed as frivolous), aff'd, 84 F.App'x 291) (4th Cir. 2003) (unpublished); Charles M. Cassell, III v. FNU Dawkins, et al., 5:10-cv-69-GCM (dismissing under 1915A(b)(1) for failure to state a claim); Charles M. Cassell, III v. Shields, et al., No. 5:10-cv-69-GCM (W.D.N.C. June 3, 2010) (dismissing for failure to state a claim), aff'd, 397 F. App'x 849 (4th Cir. 2010) (unpublished); Charles M. Cassell, III v. Dawkins, et al., 5:10-cv-191-RJC (W.D.N.C. filed Dec. 28, 2010) (dismissal under § 1915(g)), appeal dismissed, No. 11-6616 (4th Cir. 2011); Charles M. Cassell, III v. Doctor Dawkins, et al., No. 5:13-ct-3305-D (E.D.N.C. Feb. 11, 2014) (dismissal under § 1915(g)) (no appeal filed).

In each of these cases Plaintiff filed to proceed in forma pauperis and each of these cases are final as the time for appealing has expired or the district court's order of dismissal has been affirmed on appeal and the time for filing a petition for a writ of certiorari with the Supreme Court has expired.

Returning to the present case, Plaintiff has attached a voluminous set of filings that the Court has examined in camera. Of particular note, Plaintiff attaches copies of his prisoner trust account which details over 100 emergency sick calls submitted by Plaintiff from April 29, 2004, to April 1, 2014. Plaintiff also includes several pages of handwritten documents which discuss the allegations in his complaint. The Court notes that he does not include any documentation regarding his participation in the administrative remedy procedure (ARP), however the Court takes judicial notice of the documents Plaintiff submitted in a previous suit that provides evidence that he participated in the ARP although he failed to include documentation regarding the disposition of the grievance.

3

See (5:14-cv-60-FDW).[1]

Plaintiff's allegations in this complaint are conclusory and without merit. First, the Court finds that Plaintiff's argument that the documents he is submitting to the clerk are being intercepted by prison officials is incorrect as the Court has now reviewed the documents Plaintiff's submitted in this lawsuit and two other lawsuits and in each case Plaintiff raises the same allegations. Two of those cases have been dismissed because Plaintiff's allegations were fantastical and delusional and the Court had already dismissed more than three cases that were filed by Plaintiff under the provisions of 28 U.S.C. § 1983. See (Civil Case Nos. 5:14-cv-17-FDW and 5:14-cv-60-FDW). Plaintiff has not appealed from either of these orders of dismissal. Second, Plaintiff's allegations in the present complaint present the same fantastical and delusional allegations therefore he this case may not proceed absent the payment of the full filing fee. Plaintiff has again filed an application to proceed in forma pauperis and he has failed to establish that he is under imminent risk of serious physical injury therefore this case will be dismissed. See 28 U.S.C. § 1915(g).

For the reasons stated herein, and in Cases 5:14-cv-17-FDW and 5:14-cv-60-FDW, the Court finds that Plaintiff has failed to show that he is under imminent risk of serious physical injury and he must therefore pay the full filing fee before he may proceed with this § 1983 complaint in federal court. The documents attached to Plaintiff's complaint will be retained by the Clerk's office in the event that Plaintiff chooses to appeal this order of dismissal however they will not be filed in this action.

---

[1] The clerk did not file the voluminous documents that Plaintiff submitted however they were reviewed *in camera* and were retained by the Clerk's office in the event of an appeal. The Court dismissed Plaintiff's complaint after finding that it was without merit and judgment was entered on May 14, 2014, and Plaintiff has not filed an appeal as of June 16.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED without prejudice.** (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 16, 2014

Frank D. Whitney
Chief United States District Judge